FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2013 FEB -4 PM 3:15
LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICKY KOCH and SUSAN KOCH** | **CIVIL ACTION NO.** 13-0205 |
| | SECT. E MAG. 2 |
| **VERSUS** | |
| **INTEROCEAN AMERICAN SHIPPING CORPORATION and/or TOTE, INC. and/or TOTE SERVICES, INC.** | |

**COMPLAINT**

NOW INTO COURT, come plaintiffs, Ricky Koch and Susan Koch, persons of the full age of majority, who respectfully represent:

**I.**

Made defendants herein are Interocean American Shipping Corporation and/or TOTE, Inc. and/or TOTE Services, Inc. (hereinafter referred to collectively as "Interocean"), New Jersey corporations doing business in this judicial district.

✓ Fee $350.00
✓ Process
X Dktd
CtRmDep
Doc. No.

II.

Jurisdiction lies with the General Maritime Laws of the United States and 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). This Court also has jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.00.

III.

Plaintiffs, Ricky and Susan Koch, are residents of the State of Louisiana and of this judicial district.

IV.

On February 2, 2012, Ricky Koch was assigned by his employer, Economy Iron Works, Inc., to perform work on the S.S. ALTAIR, a vessel operated by Interocean.

V.

Mr. Koch was directed by the ALTAIR's Chief Engineer, Tom Ostarly, to descend a stairway into the room where the work was to be performed. There was no access to the room other than the staircase.

VI.

The staircase was almost completely dark, and the lack of lighting made it appear as if the stairs ended at a higher point than the actual bottom.

VII.

Believing himself to be on the deck at the bottom of the stairs, Mr. Koch stepped forward, falling to the deck and then backward, snapping both of his knees and striking his head, neck, shoulders, and back on the bulkhead.

VIII.

The accident was caused by the negligence of the operator of the S.S. ALTAIR in the following nonexclusive particulars:

(A) Failure to provide a reasonably safe place to work;

(B) Failure to follow reasonably safe procedures in performing work;

(C) Failure to provide a reasonably safe vessel;

(D) Failure to maintain the lighting on the vessel;

(E) Failure to properly plan for the work;

(F) Failure to follow applicable laws, rules, regulations, customs, and practices; and

(G) Other acts and/or omissions which may be shown at trial of this matter.

IX.

Ricky Koch has suffered serious bodily injury as a result of the fault and/or negligence of defendants and itemizes his damages to include:

(A) Physical pain and suffering, past, present, and future;

(B) Mental pain and suffering, past, present, and future;

(C) Past medical expenses;

(D) Future medical expenses;

(E) Past lost wages;

(F) Future lost wages and loss of earning capacity;

(G) Permanent disability;

(H) Loss of enjoyment of life; and

(I) Other damages which may be shown at trial of this matter.

**X.**

Plaintiff, Susan Koch, has suffered a loss of consortium and is entitled to be compensated for that loss.

WHEREFORE, plaintiffs pray that there be judgment in their favor and against defendants, Interocean American Shipping Corporation, TOTE, Inc., and/or TOTE Services, Inc., in an amount sufficient to compensate them for the damages described above, for interest from date of judicial demand, for all costs and for all other general and equitable relief.

Respectfully submitted,

RICKY E. KOCH

SUSAN D. KOCH
812 Madison Lane
Slidell, Louisiana 70460
Telephone: (504) 250-0638
Facsimile: (504) 488-6302

**SERVICE WITHHELD**