UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICKY KOCH and SUSAN KOCH** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO: 13-0205** |
| | * | |
| **INTEROCEAN AMERICAN SHIPPING** | * | **SECTION: E** |
| **CORPORATION and/or TOTE, INC.** | * | |
| **And/or TOTE SERVICES, INC.** | * | **MAGISTRATE: 2** |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES**

Plaintiffs, Ricky Koch and Susan Koch, persons of full majority age, residing at 812 Madison Lane, Slidell, Louisiana 70460, amend their Original Complaint filed herein, and represent as follows:

1.

Made Defendants herein are:

A.  The United States of America (hereinafter "United States"), a sovereign nation that has waived its immunity to suit and liability pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C. §§ 30901, *et seq.* ("SIAA"), and/or the Public Vessels Act, 46 U.S.C. §§ 31101, *et seq.* ("PVA");

B.  Interocean American Shipping Corporation and/or Tote, Inc. and/or Tote Services, Inc (hereinafter collectively referred to as "Interocean"), New Jersey corporations authorized to do and doing business in this judicial district at all material times.

2.

Venue is proper in this judicial district pursuant to the provisions of 46 U.S.C. § 30906 and/or 46 U.S.C. § 31104, and because Defendants' actions, inactions, and failures directly and proximately caused the damage and harm to Plaintiffs in this judicial district.

3.

Jurisdiction exists before this Honorable Court pursuant to the provisions of 46 U.S.C. § 30903 and/or 46 U.S.C. § 31102, and Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."

**FOR A FIRST CAUSE OF ACTION**

4.

On or about February 2, 2012, Plaintiff Ricky Koch was assigned by his employer, Economy Iron Works, Inc., to perform work duties aboard the S.S. ALTAIR, a vessel in navigation owned by the United States and operated by Interocean.

5.

At all material times, Interocean was an "agent" of the United States.

6.

While aboard the S.S. ALTAIR, the vessel's Chief Engineer directed Plaintiff Ricky Koch to descend a stairway to the room where the work was to be performed. The staircase was the only access to the room.

7.

The staircase was inadequately lit, creating an unreasonably dangerous condition.

8.

As a direct result of this unreasonably dangerous condition, Plaintiff Ricky Koch suddenly fell forward, his knees violently buckled and then he fell backwards striking his head, neck, shoulders, and back on the bulkhead, resulting in severe and debilitating injuries.

9.

The injuries suffered by Plaintiff Ricky Koch were caused by the negligence of the United States and/or its agent Interocean as operator of the S.S. ALTAIR in the following nonexclusive particulars:

(A)   Failure to provide a reasonably safe place to work;

(B)   Failure to follow reasonably safe procedures;

(C)   Failure to provide a reasonably safe vessel;

(D)   Failure to maintain safe lighting on the vessel;

(E)   Failure to provide safe egress to the work area aboard the vessel;

(F)   Failure to properly plan for the work to be performed aboard the vessel;

(G)   Failure to follow applicable laws, rules, regulations, customs, and practices; and

(H)   Other acts and/or omissions which may be shown at trial of this matter.

10.

As a result of the incident described herein, plaintiff Ricky Koch has suffered lost wages, a greatly impaired wage earning capacity and past, present and future physical and mental pain and suffering, including past and future medical care and invasive surgeries, and permanent physical disability and scarring.

11.

As a result of the incident described herein, Plaintiff Susan Koch has suffered, and will continue to suffer in the future, loss of consortium, loss of society, and loss of affection and assistance.

12.

Plaintiffs demand a trial by judge on all causes asserted herein pursuant to Federal Rule of Civil Procedure 9(h).

**WHEREFORE**, Plaintiffs pray for judgment in their favor against Defendants United States of America and Interocean American Shipping Corporation and/or Tote, Inc., and/or Tote Services, Inc. for compensatory damages in an amount reasonable under the circumstances of this cause, for legal interest on those amounts for which Plaintiffs are entitled to obtain legal interest, and for any additional general and equitable relief as the facts of this cause may require.

Respectfully submitted,

/s/ David A. Abramson
DAVID A. ABRAMSON (#21435)
IAN F. TAYLOR (#33408)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
(504) 588-1500
(504) 588-1514        Facsimile
Abramson@lksalaw.com
itaylor@lksalaw.com

**PLEASE SERVE:**

**THE UNITED STATES OF AMERICA**
Through the United States District Attorney for the Eastern District of Louisiana
Ms. Dana Boente
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130

and

**INTEROCEAN AMERICAN SHIPPING CORPORATION**
Through Tote Services, Inc.
302 Harper Drive, Suite 200
Moorestown, NJ 08057
Through the Louisiana Long Arm Statute, LSA-R.S. 13:3201,
pursuant to Section 3204 of Title 13